**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| BAKKO BROS., INC., a Minnesota Corporation<br><br>and,<br><br>GENESIS III, INC., an Illinois Corporation<br><br>Plaintiffs,<br><br>vs.<br><br>JACOBS CORP.<br><br>Defendant. | CIVIL CASE NO.  4:14-cv-00015<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs Bakko Bros., Inc. ("Bakko Bros.") and Genesis III, Inc., ("Genesis III" and collectively, "Plaintiffs") in filing this Complaint against Defendant Jacobs Corp. ("Jacobs"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this Complaint for infringement of U.S. Pat. Nos. 8,613,403 ("the '403 patent") 8,141,804  ("the '804 patent") and 8,033,490 ("the '490 patent") against Jacobs. By reason of Jacobs' infringement and/or willful infringement of the '403, '804, and '490 patents, Plaintiffs are seeking preliminary and permanent injunctive relieve, recovery of Jacob's wrongfully made profits, compensatory damages, and trebled damages.

1

## PARTIES

2. Bakko Bros. is a Minnesota Corporation, organized and existing under the laws of the State of Minnesota, with its principal place of business at 28958 198th Avenue, Glenwood, Minnesota.

3. Genesis III is an Illinois Corporation, organized and existing under the laws of the State of Illinois, with its principal place of business at 5575 Lyndon Road, Prophetstown, Illinois 61277.

3. Upon information and belief, Jacobs is a corporation organized under the laws of the State of Iowa, with its principal place of business at 2510 South 12th Street, Harlan, Iowa.

4. Upon information and belief, Jacobs regularly conducts business in the State of Iowa.

## JURISDICTION AND VENUE

5. This is a civil action arising primarily under the Patent Act of 1953 codified in Title 35 of the United States Code §§ 100 *et seq.*

6. This Court has jurisdiction over the subject matter of Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (general jurisdiction for patent actions).

7. This Court has personal jurisdiction over Jacobs by virtue of systematic and continuous contacts with Iowa and this judicial district.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(c) in that Jacobs is subject to personal jurisdiction in this district and therefore resides in this district.

**RELEVANT FACTS**

9. Plaintiff Bakko Bros. is in the business of, *inter alia*, developing, manufacturing, and selling grinders and associated components.

10. Plaintiff Genesis III is in the business of, *inter alia*, developing, manufacturing, and selling hammers and hammermill components.

11. Plaintiff Genesis III is the owner by assignment of the '490 patent, issued to Roger T. Young and Loren Bakko. The '490 patent issued on October 11, 2011, and a true and accurate copy thereof is attached as **Exhibit A**.

12. Plaintiff Genesis III is the owner by assignment of the '804 patent, issued to Roger T. Young. The '804 patent issued on March 27, 2012, and a true and accurate copy thereof is attached as **Exhibit B**.

13. Plaintiff Genesis III is the owner by assignment of the '403 patent, issued to Roger T. Young. The '403 patent issued on December 24, 2013, and a true and accurate copy thereof is attached as **Exhibit C**.

14. Plaintiff Bakko Bros. is the exclusive licensee of the '490, '804, and '403 patents for use with grinders. A true and accurate copy of the amended licensing agreement is attached as **Exhibit D**.

15. On February 11, 2013, Plaintiffs sued Defendant for patent infringement of the '490 patent, in Case 4:13-CV-00070. That case settled after Defendant made assurances that the infringing conduct would cease. Accordingly, Plaintiffs voluntarily dismissed the case without prejudice on May 23, 2013. The infringing conduct began anew or continued after May 23, 2013.

## **COUNT I—INFRINGEMENT OF THE '490 PATENT**

16. Plaintiffs reallege and incorporate by reference Paragraphs 1-15 as if set forth fully herein.

17. Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported into the United States a line of hammers that infringe the '490 patent.

18. Upon information and belief, Defendant's hammer that infringes the '490 patent includes, without limitation, the line of hammers made and sold using the name "Jacobs BT Hammer Built Tough."

19. Upon information and belief, Defendant has infringed, contributed to, and/or induced infringement of at least claims 1, 2, 3, 4, 8, 9, 14, 15, and 16, by making, using, offering to sell, selling within the United States and/or importing into the United States at least the Jacobs BT Hammer. Plaintiff includes a true and accurate copy of a Jacobs brochure illustrating the infringing product as **Exhibit E** and a photograph of a hammer in the possession of counsel as **Exhibit F**.

20. As a result of proper notice, Defendant's infringement is considered willful and deliberate. Defendant continued or restarted infringing the '490 patent after Case 4:13-CV-00070 was voluntarily dismissed without prejudice on May 23, 2013.

21. As a direct and proximate result of Defendant's infringement of the '490 patent, Plaintiffs have suffered and continue to suffer damages.

22. Plaintiffs have no adequate remedy at law and will be irreparably injured unless Defendant's acts of infringement are enjoined by this Court.

## COUNT II—INFRINGEMENT OF THE '804 PATENT

23.     Plaintiffs reallege and incorporate by reference Paragraphs 1-22 as if set forth fully herein.

24.     Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported into the United States a line of hammers that infringe the '804 patent.

25.     Upon information and belief, Defendant's hammer that infringes the '804 patent include, without limitation, the line of hammers made and sold using the name "Jacobs BT Hammer Built Tough."

26.     Upon information and belief, Defendant has infringed, contributed to, and/or induced infringement of at least claims 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, and 13 by making, using, offering to sell, selling within the United States and/or importing into the United States at least the Jacobs BT Hammer Built Tough. Plaintiffs include a true and accurate copy of a Jacobs brochure illustrating the infringing product as **Exhibit E** and a photograph of a hammer in the possession of counsel as **Exhibit F**.

27.     Defendant's infringement is, and has been, willful and deliberate.

28.     As a direct and proximate result of Defendant's infringement of the '804 patent, Plaintiffs have suffered and continue to suffer damages.

29.     Plaintiffs have no adequate remedy at law and will be irreparably injured unless Defendant's acts of infringement are enjoined by this Court. Plaintiffs are likely to succeed on the merits, the public interest will be harmed, and a balance of hardships favor preliminarily enjoining Defendant's conduct.

## COUNT III—INFRINGEMENT OF THE '403 PATENT

30. Plaintiffs reallege and incorporate by reference Paragraphs 1-29 as if set forth fully herein.

31. Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported into the United States a line of hammers that infringe the '403 patent.

32. Upon information and belief, Defendant's hammer that infringes the '403 patent include, without limitation, the line of hammers made and sold using the name "Jacobs BT Hammer Built Tough."

33. Upon information and belief, Defendant has infringed, contributed to, and/or induced infringement of at least claims 1, 2, 3, 4, 5, 6, 7, and 8, by making, using, offering to sell, selling within the United States and/or importing into the United States at least the Jacobs BT Hammer Built Tough. Plaintiffs include a true and accurate copy of a Jacobs brochure illustrating the infringing product as **Exhibit E** and a photograph of a hammer in the possession of counsel as **Exhibit F**.

34. Defendant's infringement is, and has been, willful and deliberate.

35. As a direct and proximate result of Defendant's infringement of the '403 patent, Plaintiffs have suffered and continue to suffer damages.

36. Plaintiffs have no adequate remedy at law and will be irreparably injured unless Defendant's acts of infringement are enjoined by this Court. Plaintiffs are likely to succeed on the merits, the public interest will be harmed, and a balance of hardships favor preliminarily enjoining Defendant's conduct.

## JURY DEMAND

37. In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiffs Bakko Bros. and Genesis III demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Jacobs, and that Plaintiff's be granted the following relief:

A. Issuance of a preliminary injunction and a permanent injunction restraining Jacobs, its officers, agents, servants, attorneys and all persons in active concert or participation with Jacobs from further acts of infringement of the '403, '804, and the '490 patents;

B. Entry of an award of damages sufficient to compensate Plaintiffs for Jacob's infringement;

C. Entry of an award of increased damages in an amount not less than three times the damages found or assessed by this Court for Jacobs' willful and wanton acts of infringement;

D. Order Jacobs to pay all costs, attorneys' fees, and applicable interests; and

E. Grant Plaintiffs such other and further relief as this Court shall deem appropriate.

Dated: January 14, 2014                         Respectfully submitted,


By:   /s/ Brett J. Trout
    Brett J. Trout, AT0008075
    Brett J. Trout, P.C.
    516 Walnut St.

        Des Moines, IA 50309
        Tel: (515)280-1939
        Fax: (515)280-7114
        trout@BrettTrout.com

        Jay R. Hamilton    14923
        HAMILTON IP LAW, PC
        331 West 3rd Street, NVC Suite 120 Davenport, IA 52801
        Tel: (563)441-0207
        Fax: (563) 823-4637
        jay@hamiltoniplaw.com

        Charles A. Damschen AT002402
        HAMILTON IP LAW, PC
        331 West 3rd Street, NVC Suite 120 Davenport, IA 52801
        Tel: (563)441-0207
        Fax: (563) 823-4637
        charlie@hamiltoniplaw.com

        Nathan A. Russell, AT0010764
        BRANSTAD LAW, PLLC
        2501 Grand Avenue
        Des Moines, IA 50312
        Tel: (515) 224-9595
        Fax: (515) 281-1474
        russell@branstadlaw.com

ATTORNEYS FOR PLAINTIFFS
BAKKO BROS., LLC
GENESIS III, INC.

Proof of Service

The undersigned certifies that the foregoing instrument was
served upon the parties to this action by serving a copy upon
each of the attorneys listed below on or around January 14, 2014,
by CM/ECF or hand-delivery.

Michael Sturm
206 Sixth Avenue
Suite 1213
Des Moines, IA 50309-4076

ATTORNEY FOR DEFENDANT